IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**TONYA MURPHY**                                                                                         **PLAINTIFF**

V.                          CASE NO. 3:20-CV-00015-JTK

**COMMISSIONER OF**
**SOCIAL SECURITY ADMINISTRATION**                                          **DEFENDANT**

## ORDER

**I. Introduction:**

Plaintiff, Tonya Murphy ("Murphy"), applied for disability benefits on October 29, 2014, alleging a disability onset date of May 9, 2014. (Tr. at 27). After conducting a hearing, the Administrative Law Judge ("ALJ") denied Murphy's application on April 29, 2016. (Tr. at 39). The Appeals Council denied her request for review on April 13, 2017. (Tr. at 17-20 check).

Murphy appealed her case to this Court on May 8, 2017. *Murphy v. SSA*, CASE NO. 1:17-CV00036-JTK, (Doc. No. 2). This Court reversed and remanded the case for an ALJ to develop the record as necessary and reassess the RFC to account for all of Murphy's impairments. *Murphy*, (Doc. No. 15 at p. 4)(Tr. at 833-836). In turn, based upon the this Court's decision, the Appeals Council directed the second ALJ to offer Murphy an opportunity for another hearing and to address the additional evidence submitted, which the second ALJ admitted into the record.[1] (Tr. at 687-691, 841, 1602, 1609).

The second ALJ conducted a hearing on December 7, 2018. (Tr. at 664). That ALJ issued a decision denying Murphy's application for benefits on January 16, 2019, finding that Murphy was not disabled for the period from May 9, 2014 through January 16, 2019. (Tr. at 664-676). The

---
[1] The Appeals Council also instructed the ALJ to consolidate the pending claim with a subsequent application for benefits filed by Murphy on June 20, 2017. (Tr. at 841).

Appeals Council declined to review the ALJ's decision (Tr. at 654-660). Therefore, the second ALJ's decision now stands as the final decision of the Commissioner, and Murphy has requested judicial review.

For the reasons stated below, the Court[2] affirms the decision of the Commissioner.

## II. The Commissioner's Decision:

The ALJ found that Murphy had not engaged in substantial gainful activity during the period since May 9, 2014, the alleged onset date.[3] (Tr. at 666). The ALJ found, at Step Two of the sequential five-step analysis, that Murphy had the following severe impairments: degenerative disc disease, mood disorder, and PTSD. (Tr. at 667).

At Step Three, the ALJ determined that Murphy's impairments did not meet or equal a listed impairment. (Tr. at 668). Before proceeding to Step Four, the ALJ determined that Murphy had the residual functional capacity ("RFC") to perform work at the light exertional level, with additional limitations. (Tr. at 670). She could not perform frequent stooping, crouching, or overhead reaching. *Id*. She could perform work where interpersonal contact is incidental to the work performed, and the complexity of tasks is learned and performed by rote, involving few variables, and requiring little independent judgment. *Id*. Finally, the supervision required is simple, direct, and concrete. *Id*.

The ALJ found that Murphy was unable to perform any past relevant work. (Tr. at 674). Next, the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, considering Murphy's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that she could perform, including school bus monitor (DOT # 372.667-042),

---

[2] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

[3] The record reflects that Murphy worked part-time as a housekeeper since 2018. (Tr. at 666-669, 692-696).

and counter clerk/photo (DOT # 249.366-010). (Tr. at 675). Therefore, the ALJ found that Murphy was not disabled. (Tr. at 676).

## III. Discussion:

### A. Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means less than a preponderance but more than a scintilla. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). In other words, it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* (citation omitted). The Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

### B. Murphy's Arguments on Appeal

Murphy contends that substantial evidence does not support the ALJ's decision to deny benefits. She argues that the ALJ did not comply with the Appeals Council's remand order, the ALJ did not identify or resolve a conflict between the DOT and the VE's testimony, and the RFC did not fully incorporate Murphy's limitations. For the following reasons, the Court finds that substantial evidence supports the ALJ's decision.

At Step Three, the ALJ found, based upon the record evidence, that Murphy had moderate limitations in the areas of concentration, persistence, or pace. (Tr. at 669). The previous District Court Order remanding the first ALJ's decision found that the first ALJ's assigned RFC for simple

work did not capture those moderate limitations. (Tr. at 833-836). Murphy now makes the narrow argument that the second ALJ committed the same error, because the hypothetical posed to the VE and the RFC did not mention specifically concentration, persistence, or pace. This Court and the Eighth Circuit, have held differently.[4] *See Brachtel v. Apfel*, 132 F.3d. 417, 421 (8th Cir. 1997)(distinguishing *Newton*, the Court found that a hypothetical limiting the claimant to simple, routine, repetitive work, which did not require close attention to detail, and did not require more than a regular work pace, to be sufficient); *Chismarich v. Berryhill*, 888 F.3d 978, 980 (8th Cir. 2018)(moderate difficulties in concentration, persistence, or pace are consistent with being able to understand, remember, and carry out simple instructions while performing non-detailed tasks), *Williams v. SSA*, CASE NO. 2:18-CV-00174-BD (E.D. Ark. Feb. 25, 2020)(the record as a whole demonstrated claimant could perform a variety of activities requiring concentration, persistence, or pace); *Davidson v. SSA*, CASE NO. 3:19-CV-215-BD (E.D. Ark. May 29, 2020). ALJs are given administrative latitude in formulating the hypothetical and the RFC, and the Court declines to impose stringent rules for specific words an ALJ must use.

After all, the second ALJ in this case imposed more specific mental restrictions than the first ALJ, indicating that he understood and complied with the Appeals Council's remand order. The hypothetical and the RFC in the instant case provided for work where "interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote, involves few variables, and requires little independent judgment." (Tr. at 670, 707).

Second, like the cases cited above, Murphy admitted she could perform a variety of daily

---

[4] Murphy cites to *Newton v. Chater*, 92 F.3d 688, 695-698 (8th Cir. 1996)(reversal of ALJ's decision required where ALJ used a boilerplate phrase "simple tasks" to account for claimant's deficiencies in concentration, persistence or pace).

4

activities which required some concentration, persistence, and pace. (Tr. at 669, 1488). She presented as cooperative and logical, with good concentration, at various medical appointments (Tr. at 445-446, 538, 1400, 1488). The psychological consultative examiner found Murphy would be able to perform basic work tasks (Tr. at 1488-1489), and there is evidence that any deficiencies in pace are attributable to Murphy's physical pain, not mental infirmity *Id*. Finally, while Murphy was frequently non-compliant with mental health treatment, she said that when she did take her medications, they improved her state of mind. (Tr. at 618, 1138, 1327, 1513-1515). The hypothetical and the RFC properly incorporated Murphy's credible limitations in concentration, persistence, or pace. The ALJ complied with the Appeals Council's remand order.

Next, Murphy asserts that the ALJ failed to identify and resolve a potential conflict between the DOT and the VE's testimony. Before relying on VE evidence to support a determination that a claimant is not disabled, the ALJ has an affirmative responsibility to ask about "any possible conflict" between VE testimony and the DOT, and to obtain an explanation for any such conflict. *Renfrow v. Colvin*, 496 F.3d 918, 920-21 (8th Cir. 2007); see Social Security Ruling 00-4p, 2000 WL 1898704 (Dec. 4, 2000). Murphy attempts to create a conflict where, arguably, none exists.

The relevant portion of the hypothetical and the RFC crafted by the ALJ stated that Murphy could only perform work where interpersonal contact was incidental to the work performed. (Tr. at 670, 707). The two jobs identified involve some interpersonal contact, according to their DOT definitions, so Murphy contends that she could not perform those jobs. DOT # 372.667-042, 249.366-010. However, Murphy cites to no regulation or case law showing that the jobs of school bus monitor and counter clerk require more than incidental interpersonal conflict. (Doc. No. 16, at 42-43). This Court has held that a similar job, tanning salon attendant, which has very similar tasks

5

to that of counter clerk, requires no more than incidental interpersonal contact. *Burfield v. Colvin*, CASE NO. 4:14-CV-00161-SWW/JJV *15-17(E.D. Ark. July 15, 2015).

It is axiomatic that a claimant must present her best case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Murphy's attorney did not raise or inquire about a possible conflict at the hearing related to interpersonal contact. And Murphy has not provided evidence or precedent suggesting a conflict was present. The court finds no error by the ALJ at Step Five.

Finally, Murphy argues that the RFC did not fully incorporate her limitations. A claimant's RFC represents the most she can do despite the combined effects of all of her limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of his impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996). The medical record shows that injections, nerve blocks, and radiofrequency treatment improved Murphy's back pain, and treatment resolved her headaches. (Tr. at 648-650, 672-673, 1303, 1323-1330). And while the Court observes that interpersonal events destabilized Murphy to the point that she was suicidal on occasion, situational stressors do not provide a basis for mental disability (especially when Murphy's therapy notes showed improvement with conservative treatment). *Dunahoo v. Apfel*, 241 F.3d 1033, 1037 (8th Cir. 2001). Murphy was able to perform a variety of daily activities, and to work part-time as a housekeeper for over a year, which undermines her allegations that she was disabled. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995); *Naber v. Shalala*, 22 F.3d 186, 188-89 (8th Cir. 1994).

**IV. Conclusion:**

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ complied with the Appeals Council's remand order, Murphy has not convinced the Court that there was an unresolved conflict between the DOT and the VE's testimony, and the RFC fully incorporated her credible limitations. The finding that Murphy was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is AFFIRMED. Judgment will be entered for the Defendant.

IT IS SO ORDERED this 8th day of June, 2021.

_____
UNITED STATES MAGISTRATE JUDGE